PETER C. STRIPHAS, ESQ. County Attorney, Orange County
This is in response to your recent letter in which you asked whether children who reside with their parents at West Point are eligible to receive benefits under the Physically Handicapped Children's Program, or the Education Law (§ 4403, et seq.).
You stated that section 232 of the Family Court Act refers to the fact that a physically handicapped child must be "domiciled" (your emphasis) in the State of New York before he can receive benefits through the program. Further, section2582 of the Public Health Law also refers to "wherein the children are domiciled" (your emphasis). I assume, therefore, you refer to children who are otherwise eligible to receive benefits under such programs, and the question is whether the children have or may gain State domicile while residing on the military reservation at West Point.
As you pointed out, under section 20, et seq., of the State law, when the State of New York, by legislative action, ceded land to the United States for the military reservation, they ceded all jurisdiction over the persons stationed there to the Federal government, except the State retained the right to serve civil and criminal process on the reservation.
The case of In Re Town of Highlands (22 N.Y. Supp. 137 [Supreme Court, Orange County, 1892]), which relied on the decision of the Supreme Court of the United States in Railroad Co. v. Lowe
(114 U.S. 525), held:
 "[s]ince the state of New York has ceded to the United States * * * the West Point reservation * * * such territory has ceased * * * to be part of the state; and persons having no other qualifications as residents than a residence in such territory are not residents of the state * * *."
The Supreme Court of the United States has since modified its position relating to Federal reservations. In Howard v.Commissioners of Louisville (344 U.S. 624) the Court held:
 "[W]hen the United States, with the consent of Kentucky, acquired the property * * *, the property did not cease to be a part of Kentucky. * * * In rearranging the structural divisions of the Commonwealth, in accordance with state law, the area became a part of the City of Louisville, just as it remained a part of the County of Jefferson and the Commonwealth of Kentucky. * * *"
In Evans v. Cornman (398 U.S. 419) the Supreme Court held that a person could gain State residence for voting purposes while living on a Federal reservation, stating:
 "[A]ppellees clearly live within the geographical boundaries of the State of Maryland, * * *. They are not residents of Maryland only if the * * * grounds ceased to be a part of Maryland * * *. However, that `fiction of a state within a state' was specifically rejected by this Court in Howard v. Commissioners of Louisville [supra] * * *."
It is our opinion, based upon recent decisions of the Supreme Court of the United States, that persons living on the military reservation at West Point are residing within the geographical boundaries of the State of New York. It follows that such persons, and their children, may gain State domicile, the same as anyone else residing in the State, with the requisite intent of making this State their fixed and permanent home.